## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-OP1,** | § § § § § § | |
| Plaintiff, | § § | Civil Action No. 5:19-cv-1314 |
| v. | § § | |
| **MINNIE J. HUGHES** | § § § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 ("Plaintiff"), complains of Minnie J. Hughes, Defendant, files this *Original Complaint*, and states as follows:

### I.  PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Minnie J. Hughes is an individual and may be served with process at her residence, 7138 Rolling Hills, San Antonio, Texas 78227, or at such other place as she may be found. Summons is requested.

### II.  PROPERTY

3. This proceeding concerns the following real property and improvements commonly known as 7138 Rolling Hills San Antonio, TX 78227 and more particularly described as:

> LOT 24, BLOCK 17, NCB 15378, WESTWOOD VILLAGE, UNIT 13, CITY OF SAN ANTONIO, BEXAF COUNTY, TEXAS, ACCORDING TO PLAT

RECORDED IN VOLUME 5580, PAGE 16, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS. (The "Property").

### III.   DIVERSITY JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

5. Plaintiff is a national association and the trustee of a trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). Plaintiff's main office is in New York, so Plaintiff is a citizen of New York for diversity purposes.

6. Minnie J. Hughes is an individual and citizen of the state of Texas.

7. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

8. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of October 27, 2019, the total amount due was $86,424.17. Therefore, the amount in controversy is more than $75,000.00.

9. Venue is proper in the Western District of Texas, San Antonio Division, because this suit concerns title to real property located in Bexar County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.   FACTS

10. The foregoing paragraphs are incorporated by reference for all purposes.

11. On or about January 11, 2006, Defendant Minnie J. Hughes executed a promissory *Note* in the principal amount of $75,200.00 ("Note"), originally payable to RW Mortgage Services as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

12. Concurrently with the execution of the Note Defendant Minnie J. Hughes and CJ Keith Mack, as a non-borrower spouse, executed a *Deed of Trust* ("Deed of Trust" and together with the Note, "Loan Agreement"), as grantors, granting RW Mortgage Services, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the official public records of Bexar County, Texas, under instrument number 20060016051. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

13. Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

14. In 2008, Defendant and non-borrower spouse CJ Keith Mack filed for a divorce in the 57th Judicial District Court of Bexar County, Texas, No. 2007-CI-16701. The Final Decree of Divorce, entered on August 22, 2008 affirmed that the Property shell be Defendant's sole separate property.

15. Defendant failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently due for the March 1, 2019 payment and all subsequent monthly payments. Notice of default and request to cure was mailed in accordance with the Loan Agreement and the Texas Property Code on August 13, 2019. A true and correct copy of the Notice of Default is attached hereto as **Exhibit C**. The default was not cured, and the maturity of the debt is accelerated and is currently due and owing.

16. Plaintiff brings this suit to obtain an order for foreclosure against Defendant.

### V.     CAUSE OF ACTION: FORECLOSURE

17. The foregoing paragraphs are incorporated by reference for all purposes.

18. As the current mortgagee of record who has the right to enforce the Note and Deed of Trust, Plaintiff asserts a cause of action for foreclosure against Defendant. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Defendant however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust and Texas Property Code § 51.002.

19. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendant's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable

attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by Defendant. Plaintiff seeks the attorneys' fees in furtherance of Defendant's obligations under the Loan Agreement.

## VI.  CONDITIONS PRECEDENT

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the Loan Agreement, contract, or lien sought to be foreclosed has been performed.

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Minnie J. Hughes be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Deed of Trust's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**