IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-OP1; | § § § § § | SA-19-CV-01314-DAE |
| *Plaintiff,* | § § | |
| vs. | § § | |
| MINNIE J. HUGHES, | § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the Motion for Default Judgment filed by Plaintiff HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 [#6]. The motion was referred to the undersigned for disposition on January 15, 2020. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion [#6] be **GRANTED**.

**I.  Jurisdiction**

This court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. (Compl. [#1] at ¶¶ 4–8.)

**II.  Procedural History**

Plaintiff HSBC Bank USA, National Association, As Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 ("Plaintiff") filed this action against Defendant

1

Minnie J. Hughes ("Defendant") on November 6, 2019, seeking a judgment granting it the right to foreclose on property located at 7138 Rolling Hills, San Antonio, TX 78227. The record reflects that Defendant was served with Plaintiff's Summons and Complaint on November 30, 2019, making her answer due on December 23, 2019 [#4]. Defendant failed to file an answer or otherwise make an appearance in this case, and Plaintiff moved for a Clerk's Entry of Default, which was granted and entered on January 14, 2020 [#7]. Plaintiff now moves for a Final Default Judgment against Defendant.

By its motion, Plaintiff seeks a default judgment awarding the following relief:

1. Judgment against Defendant declaring that the following are secured by Plaintiff's Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; (d) costs of court; and (e) attorney's fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i); and

2. Judgment against Defendant authorizing Plaintiff to enforce its authorizing Plaintiff to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure; and

Plaintiff does not seek monetary damages against Defendant but instead certain declarations and a judgment allowing foreclosure of the real property that is the subject of this action.

In order to ensure that Defendant received a copy of Plaintiff's Motion for Default Judgment, as well as an opportunity to cure her default, the Court ordered the District Clerk's Office to mail a copy of the motion to Defendant at her two addresses on record, and further ordered Defendant to respond to the motion on or before February 18, 2020 [#8]. The District Clerk's Office mailed a copy of the pertinent court filings via first-class mail and certified mail, return receipt requested, to Defendant's addresses on file [#9]. The Court received confirmation of delivery to one of the two addresses on February 6, 2020 [#10]. Defendant has not filed a

response to Plaintiff's motion or made an appearance in this action, and all of the Court's deadlines to do so have expired.

### III. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) (stating that a defaulting party is deemed to have admitted all well-pleaded allegations of the complaint); *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

### IV. Analysis

The record in this case establishes that Defendant failed to plead or otherwise defend against Plaintiff's claims. Defendant was served with a copy of Plaintiff's Complaint but failed to answer or otherwise respond. The undersigned therefore finds that the Clerk properly entered

default, and Plaintiff is entitled to default judgment because the facts alleged in Plaintiff's Complaint state a claim upon which relief can be granted.

Plaintiff's Complaint alleges the following: On or about January 11, 2006 Defendant executed a promissory note in the principal amount of $75,200.00 ("Note"), originally payable to RW Mortgage Services as lender on a loan secured by the Property. (Compl. [#1] at ¶ 11.) Concurrently with the execution of the Note, Defendant and CJ Keith Mack (as a non-borrower spouse), executed a Deed of Trust ("Deed of Trust" and together with the Note, "Loan Agreement"), as grantors, granting RW Mortgage Services, its successors and assigns, a security interest in the Property. (*Id.* at ¶ 12.) The Deed of Trust was recorded in the official public records of Bexar County, Texas, under instrument number 20060016051. (*Id.*) Plaintiff is the current holder of the Note and beneficiary of the Deed of Trust and the mortgagee of the Loan Agreement, as defined by the Texas Property Code § 51.0001(4). (*Id.* at ¶ 13.)

In 2008, Defendant and non-borrower spouse CJ Keith Mack filed for a divorce in the 57th Judicial District Court of Bexar County, Texas, No. 2007-CI-16701. (*Id.* at ¶ 14.) The Final Decree of Divorce, entered on August 22, 2008 affirmed that the Property shall be Defendant's sole separate property. (*Id.*)

Defendant failed to make the payments under the terms of the Loan Agreement. (*Id.* at ¶ 15.) Notice of default and request to cure were mailed in accordance with the Loan Agreement and the Texas Property Code on August 13, 2019. (*Id.*) The default was not cured, and the maturity of the debt is accelerated and is currently due and owing. (*Id.*) As the current mortgagee of record with the right to enforce the Note and Deed of Trust, Plaintiff asserts a cause of action for foreclosure against Defendant. (*Id.* at ¶ 18.) Plaintiff alleges it fully performed its obligations under the Loan Agreement contract, but Defendant failed to perform.

(*Id.*) Accepting these allegations as true, the facts alleged in Plaintiff's Complaint are sufficient to entitle Plaintiff to a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust and Texas Property Code § 51.002. (*Id.*)

Plaintiff's Complaint also seeks the recovery of reasonable attorney's fees associated with obtaining the default judgment. (*Id.* at ¶ 19.) Whether Plaintiff is entitled to attorney's fees and, if so, what constitutes a reasonable fee will be decided by separate motion after entry of the default judgment.

## V.  Conclusion and Recommendation

Having considered Plaintiff's motion, the case file, and the lack of response from Defendant, the undersigned recommends that the Motion for Default Judgment filed by Plaintiff HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 [#6] be **GRANTED** and the proposed default judgment be entered against Defendant [#6-2] except that the issue of attorney's fees shall be decided by separate order upon motion by Plaintiff.

## VI.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE