IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-OP1; | § § § § § | SA-19-CV-01314-DAE |
| *Plaintiff,* | § § | |
| vs. | § § | |
| MINNIE J. HUGHES, | § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiff's Motion for Attorney's Fees [#17], which was referred to the undersigned for a report and recommendation on April 23, 2020. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be **GRANTED**.

**I. Analysis**

Plaintiff HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-OP1 ("Plaintiff") filed this action against Defendant Minnie J. Hughes ("Defendant"), seeking a judgment granting it the right to foreclose on property located at 7138 Rolling Hills, San Antonio, Texas 78227. Defendant failed to file an answer or otherwise make an appearance in this case, and Plaintiff moved for a Clerk's Entry of Default and then a Final Default Judgment against Defendant. The District Court adopted the undersigned's report and recommendation and issued a Final Default Judgment against

Defendant on April 3, 2020 [#15, #16]. Plaintiff now moves for an order awarding it attorney's fees in the amount of $5,173.50.

Plaintiff is entitled to recover the reasonable and necessary attorney's fees incurred in filing and prosecuting Plaintiff's claims to enforce an interest in real property resulting from Defendant's default under the loan agreement giving rise to this suit. *See* Tex. Civ. Prac. & Rem. Code § 38.001(8) (providing for the recovery of attorney's fees in suit to enforce a written contract). Furthermore, the parties' loan agreement expressly provides for the recovery of fees incurred in the pursuit of foreclosure. (*See* Security Instrument [#1-1] at 15, ¶ 9.) Plaintiff seeks attorney's fees not as an additional debt secured by the security instrument and not as a personal judgment against Defendant.

The amount of fees claimed by Plaintiff is reasonable. Plaintiff's attorneys billed at a rate of $215.00 per hour, and the assisting paralegals and legal assistants billed at a rate of $95.00 per hour. (Cronenwett Decl. [#17-1] at 2–4.) The invoices attached to Plaintiff's motion provide sufficient detail and support Plaintiff's assertion that the time spent filing this lawsuit and obtaining the default judgment in this case was reasonable. (Invoices [#17-1] at 5–18.)

## II.  Conclusion and Recommendation

Having considered Plaintiff's motion, the governing law, and record in this case, the undersigned recommends that Plaintiff's Motion for Attorney's Fees [#17] be **GRANTED** and that Plaintiff recover attorney's fees in the amount of **$5,173.50** from Defendant Minnie J. Hughes as a further obligation owed by her under the Note and Security Interest.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 8th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE